**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| FIRST TIME VIDEOS LLC, | CASE NO. 2:11-cv-00690 |
| Plaintiff, | Judge: Hon. Mark S. Davis |
| v. | Magistrate Judge: Hon. F. Bradford Stillman |
| JOHN DOE, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 184.155.1.193 filed, through his attorneys Robert Powers and Dirk McClanahan, a motion to quash a subpoena issued to his Internet Service Provider ("ISP"), Cable One. (ECF No. 9.) Movant asserts five arguments in favor of his requested relief. First, Movant claims that Plaintiff made material misrepresentations to the Court regarding personal jurisdiction. Second, Movant argues that Plaintiff has not established personal jurisdiction over him or the vast majority of John Doe's joint tortfeasors (*Id.* at 8-12.) Third, Movant argues that a subpoena issued to Cable One subjects him to undue burden. (*Id.* at 12-13.) Fourth, Movant argues that Plaintiff's common law civil conspiracy claim is insufficient to allow this Court to exercise personal jurisdiction over him. Fifth, Movant argues that venue is not proper with regards to him. Movant's motion must be denied for the reasons discussed herein.

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant's motion suffers from two fatal procedural defects. Part II argues that Movant's substantive arguments do not provide a basis for quashing the subpoena.

I. **MOVANT'S MOTION SUFFERS FROM TWO FATAL PROCEDURAL DEFECTS**

Movant's motion must be denied because he failed to bring his motion before the proper court and he failed to establish standing.

**A. Movant's Motion is Not Before the Proper Court**

A motion to quash a subpoena must be brought before the court for the district from which the subpoena was issued. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added); *see also Lefkoe v. Jos. A. Bank Clothiers, Inc.*, 577 F.3d 240, 246 (4th Cir. 2009) ("And because the deponent was located in Massachusetts, [defendant] caused the subpoena to be issued from the district court there. Accordingly, the Massachusetts district court had authority to enforce, modify, or quash the [deposition] subpoena in accordance with Rule 45(c)."); *Pacific Century International, Ltd., v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 ("[t]he authority to rule on motions regarding subpoenas is vested in the court for the district from which they are issued.")

Movant's ISP is Cable One. (*See* ECF No. 1-2 at 3.) The subpoena to Cable One was issued from the District of Minnesota in order to facilitate service on Cable One's authorized agent. *See In re Sealed Case*, 141 F.3d 337, 342 (D.C. Cir. 1998) (writing that the vesting of powers regarding subpoenas in the subpoena-issuing court "affords the nonparty deponent . . . territorial protection"). Although Plaintiff's authorization to serve Rule 45 subpoenas arose from this Court, the power to quash or enforce those subpoenas is vested with the courts from which

the subpoenas were issued. *SEC v. CMKM Diamonds, Inc.*, 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena.").

### B. Movant Fails to Establish Standing to Challenge the Subpoena Issued to His Internet Service Provider

An individual does not have standing to challenge a subpoena issued to a non-party "unless [he] claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 Fed.Appx. 740, 744 (4th Cir. 2005); *see also In re Grand Jury Subpoena John Doe*, 584 F.3d 175, 184, 190-91 (4th Cir. 2009). Absent this showing, the individual lacks standing and the motion must be denied without reaching its merits. *Green v. Sauder Mouldings, Inc.*, 223 F.R.D. 304, 306 (E.D. Va. 2004); *see also* 9 James Wm. Moore, et al., *Moore's Federal Practice* § 45.50[3]; 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (2d ed. 1994).

All of the subpoenas issued pursuant to the Court's January 9 Order (ECF No. 8) were issued to nonparty ISPs. The ISP that provides Internet access to Movant is the entity to which the specific subpoena at issue was directed, and the ISP is also the entity in possession and control of the information sought in the subpoena—not Movant. Movant failed to claim a personal right of privilege anywhere in his motion. (*See generally* ECF No. 9.) Movant's failure to establish standing provides a second independent basis for denying Movant's motion prior reaching the merits.

## II. MOVANT'S SUBSTANTIVE ARGUMENTS DO NOT PROVIDE A BASIS FOR QUASHING THE SUBPOENA

Movant's substantive arguments do not provide a basis for quashing the subpoena. Movant's personal jurisdiction and venue arguments are premature. Movant's claim of undue burden cannot be substantiated.

### A. Movant's Personal Jurisdiction and Venue Arguments are Premature

Movant argues that "Plaintiff has not met its burden to establish that this Court has or will have personal jurisdiction over [Movant] or the vast majority of the Co-Conspirators."[1] (ECF NO. 9 at 9.) Movant's arguments regarding personal jurisdiction and venue are premature for three reasons. First, Plaintiff is not required to "establish" that personal jurisdiction or venue is proper. Second, the Court is not being asked to exercise jurisdiction over Movant. Third, objections to personal jurisdiction and venue are not a valid basis for quashing a subpoena.

#### 1. Plaintiff is not required to "establish" personal jurisdiction or venue

Movant argues that "Plaintiff has not met its burden to establish that this Court has or will have personal jurisdiction over Doe 82 or the vast majority of the Co-Conspirators." (ECF No. 9 at 9.) This is simply incorrect. Plaintiff is not required to "establish" personal jurisdiction at this stage of the litigation. It is well-established that personal jurisdiction does not even have to be pled. *See*, *e.g.*, *Hagen v. U-Haul Co. of Tenn.*, 613 F. Supp. 2d 986, 1001 (W.D. Tenn. 2009) ("The burden of establishing the existence of personal jurisdiction lies with the party asserting such jurisdiction, i.e. the plaintiff. Although, a plaintiff is only required to meet this burden when challenged by a motion under Rule 12(b)(2) . . . ."); *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474-75 (D. Del. 1995) (noting Rule 8 does not require plaintiffs to state grounds on which personal jurisdiction is alleged and that the plaintiff's pleading burden changes once the

---

[1] Movant refers to the joint tortfeasors as "co-conspirators." "Joint tortfeasors" is more accurate because Plaintiff's allegations include both civil conspiracy and contributory negligence. (ECF No. 3.)

4

defendant challenges personal jurisdiction). Federal Rule of Civil Procedure 8(a)(2) requires only "a short plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Personal jurisdiction is a defense that can be raised or waived. A defendant who:

> receives a complaint and summons from a court in another jurisdiction and believes she is not subject to that court's jurisdiction … has several alternatives available to her. First, she may ignore the complaint and summons and then, if a default judgment is issued against her, may challenge the issuing court's jurisdiction in a collateral proceeding (presumably closer to home or other assets) when the plaintiff seeks to enforce the judgment. Second, she may voluntarily waive any lack of personal jurisdiction and submit to the district court's jurisdiction. Third, she may appear in the distant court for the limited purpose of deciding the jurisdictional issue.

*Ellis v. Fortune Seas Ltd.*, 175 F.R.D. 308, 311 (S.D. Ind. 1997). At this stage of the litigation, Movant has received neither summons nor complaint. The issue of whether this Court may exercise its jurisdiction over Movant is not ripe for adjudication. *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 347 (D.D.C. 2011) ("at this juncture when no putative defendant has been named, the Court has limited information to assess whether any putative defendant has a viable defense of lack of personal jurisdiction or to evaluate possible alternate bases to establish jurisdiction."); *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan 12, 2012), ECF No. 22 at *4 ("the putative defendant's personal jurisdiction arguments are premature at this time because they have not been named as parties to this lawsuit."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3 ("a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26,

2011) ("[T]he Does argue that this Court may lack personal jurisdiction over them . . . [This] argument is premature.").

Movant argues that absent a showing of jurisdiction, "the Court may not authorize or enforce any discovery." (ECF No. 9 at 9.) This is also incorrect. The legal standard for granting expedited discovery does not include a jurisdictional finding. *See Physicians Interactive v. Lathian Systems, Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at *4, 10 (E.D. Va. Dec. 5, 2003) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002)) (granting expedited discovery under a "balance of hardships" analysis); *Semitool*, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.") Here, Plaintiff cannot prove liability and damages with respect to John Doe and his joint tortfeasors without the identifying information of the alleged infringers. Further, Plaintiff requires this information on an expedited basis because the information was under an imminent threat of destruction. The responding parties— namely the ISPs— suffer minimal burden because Plaintiff compensates the ISPs for their costs of production. The question of jurisdiction over the alleged infringers is not a factor in this legal standard.

Movant is unable to cite to any case in support of this proposition. Each case cited by Movant involves either a court's assessment of whether to grant jurisdictional discovery after a motion to dismiss is brought by a named-and-served defendant or an issue that is entirely unrelated to discovery. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (explaining that a personal jurisdiction inquiry is necessary when analyzing a request for jurisdictional discovery once "personal jurisdiction is properly challenged under Rule 12(b)(2)."); *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*,

283 F.3d 208, 216 n.3 (4th Cir. 2002) (upholding a denial of a discovery motion for "jurisdictional discovery"); *Cent. States, Se. and Sw. Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 877 (7th Cir. 2006) (holding a *prima facie* case for personal jurisdiction must be made before jurisdictional discovery is allowed in response to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2).); *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470-71 (5th Cir. 1985) (finding than an injunction cannot be issued against a party over whom the court has not acquired valid jurisdiction and not discussing whether discovery is permitted); *United Elec., Radio and Mach. Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1084 (1st Cir. 1992) (finding that judgment may only be entered by a court having jurisdiction over the defendant, and not discussing discovery). These cases are simply not relevant to an expedited discovery motion brought to identify the Defendant, and are also not relevant for quashing a subpoena.

### 2. The Court is not being asked to exercise jurisdiction over Movant

Movant appears to misunderstand his role in this action. He has not been named as a defendant, nor has he even been identified as the putative defendant. Instead, Movant is merely an individual from whom Plaintiff intends to elicit testimony regarding the liability of John Doe and any later-named parties and to ascertain the amount of damages attributable to the actions of the joint tortfeasors for which any named parties will be joint and severally liable under theories of civil conspiracy and contributory infringement. If Movant is amendable to service of process in this District then he may be named and served as a defendant in this case.

Of course, Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild*, 770 F.Supp. 2d at 347 ("publicly available IP lookups reveal only where a defendant is likely to be located. Given that these lookup tools

are not completely accurate, this does not resolve the question of whether personal jurisdiction would be proper. Ultimately, the Court would still be unable to properly evaluate jurisdictional arguments until the putative defendants are properly identified and named."). Only if Movant is named and served, will he have cause to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of the issue. *MCGIP vs. Does 1-316*, No. 10-6677, 2011 WL 2292958 at *2 (N.D. Ill. June, 9, 2011) ("the putative defendants' motions to dismiss for lack of personal jurisdiction are also premature at this stage of the litigation. The Court reiterates that the putative defendants are not yet named defendants in the case. Moreover, the putative defendants, should they become named defendants in the case, will have the opportunity to contest this Court's jurisdiction at that time."). Until that time, however, Movant's personal jurisdiction arguments are premature.

Finally, it bears mentioning that this Court almost certainly has personal jurisdiction over the sole John Doe in this action. Plaintiff has received John Doe's identifying information from his ISP and has requested this Court's leave to amend the complaint's caption to name John Doe as a defendant in this action. John Doe is a resident of Virginia Beach, Virginia, and can be found in this District.

### 3. Objections to personal jurisdiction and venue are not valid grounds for quashing a subpoena

The list of permissible grounds for quashing a subpoena does not include personal jurisdiction and venue arguments. Fed. R. Civ. P. 45(c)(3). Movant's arguments regarding personal jurisdiction and venue are not germane to the issue of whether Plaintiff may seek Movant's identifying information and Movant's argument regarding undue burden is his ISP's to make. Movant's arguments do not provide the Court with a basis for granting the relief sought by Movant.

### B. Movant's Undue Burden Argument is Unsubstantiated

Movant claims that the subpoena should be quashed because disclosure of his identity would subject him to an undue burden. (ECF No. 9 at 12-13.) Movant cannot credibly claim any hardship as a result of Plaintiff's subpoena; only the nonparty ISP subject to the subpoena could potentially claim the same. *First Time Videos, LLC v. Does 1–500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011) ("[I]f anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena."); *Call of the Wild*, 770 F.Supp. 2d at 358-359 (D.D.C. Mar. 22, 2011) (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information); *Kessel v. Cook Cnty.*, No. 00-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections based on burden lie with the subpoenaed party and rejecting all of plaintiffs' objections to defendants' nonparty subpoenas except "the objections that are personal to the plaintiffs," namely "privacy, privilege and harassment").

Because Movant is not named as a defendant in Plaintiff's complaint, Movant is not required to respond to the allegations presented in Plaintiff's Complaint or otherwise litigate in this district. *See, e.g.*, *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011). Movant faces no obligation to produce any information under the subpoena issued to his nonparty ISP and consequently "cannot claim any hardship, let alone undue hardship." *Id.*; *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena cannot demonstrate "*any* burden"). Further, simply "being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be

quashed.ö *Hard Drive Prods., Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19. Movantøs undue burden argument should be denied as it is only Movantøs ISP, Cable One, that could credibly raise an undue burden argument.

## CONCLUSION

Movantøs motion should be denied. He has failed to bring his motion before the proper court and he lacks standing to bring the arguments that he raises in his motion. Movantøs personal jurisdiction and venue arguments are premature. Movant cannot credibly that the subpoena issued to Cable One would unduly burden him.

          Respectfully submitted,

          FIRST TIME VIDEOS LLC

DATED: March 15, 2012

          By:    /s/ Timothy V. Anderson
                 TIMOTHY V. ANDERSON (VSB 43803)
                 Anderson & Associates, PC
                 2492 N. Landing Road, Suite 104
                 Virginia Beach, VA 23456
                 Telephone: (757) 301 ó 3636
                 Facsimile: (757) 301 - 3640
                 E-mail: timanderson@virginialawoffice.com
                 *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 15, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

_____/s/ Timothy V. Anderson_____
TIMOTHY V. ANDERSON
