**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FILED

APR  2 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

FIRST TIME VIDEOS LLC,

       Plaintiff,

v.                         Case No.: 2:11cv690

JOHN DOE,

       Defendant.

<u>ORDER</u>

The Clerk of Court has received a paper styled "Motion to Quash Subpoena Served Upon Custodian of Records, Charter Communications, LLC and Memorandum of Authorities," submitted by mail from an anonymous <u>pro se</u> movant, self-identified as John Doe No. 408 (IP Address 71.93.120.41).  The motion seeks to quash a subpoena served on Doe No. 408's internet service provider seeking certain identification information, which Doe No. 408 asserts to be protected and confidential.

The local rules require that "[a]ll pleadings filed by non-prisoner litigants proceeding <u>pro se</u> shall contain an address where notice can be served on such person and a telephone number where such person can be reached or a message left."  Local Civ. R. 7(B).  The instant motion is defective inasmuch as it does not provide John Doe No. 408's mailing address or phone number.  The only contact information provided is the movant's e-mail address.  In addition to the motion and certain supporting exhibits, the movant

has submitted a money order made out to "Clerk, U.S. District Court" in the amount of $37.00, which the Court presumes is intended as payment of the Court's miscellaneous filing fee.[1]

Notwithstanding this defect, the Court DIRECTS the Clerk to file the motion to quash. The Clerk shall identify the movant in the docket as "John Doe No. 408 (IP Address 71.93.120.41)" without a mailing address or telephone number.

The motion seeks to quash a subpoena served on the movant's internet service provider. As Rule 45 of the Federal Rules of Civil Procedure provides, a motion to quash or modify a subpoena must be brought in the court from which the subpoena was issued, rather than the court where the underlying action is pending. Fed. R. Civ. P. 45(c)(3); see also Kearney v. Jandernoa, 172 F.R.D. 381, 383 n.4 (N.D. Ill. 1997). Although issued in connection with the instant litigation pending before this Court, the subpoena itself was issued by the United States District Court for the Northern District of Illinois. A motion to quash the subpoena must be filed in that court.[2] Accordingly, the motion to quash is DENIED.

---

[1] The Court notes that the correct amount of the required fee for filing a miscellaneous matter in federal district court is $46. Moreover, no filing fee is due for filing a motion in an existing case already pending before the Court. Payment of the $46 fee may be required, however, if the movant later re-files this motion in another court.

[2] The Court notes that, even if filed in the correct court, the movant's prospect for success appears dim at best. See generally First Time Videos, LLC v. Does 1-76, 276 F.R.D. 254 (N.D. Ill. 2011); West Coast Prods., Inc. v. Does 1-5829, 275 F.R.D 9

With respect to the superfluous $37 money order, the movant may contact the Clerk's office by telephone to provide a mailing address to which it may be returned, and the Clerk is DIRECTED to return the money order to the movant by first-class mail. The mailing address or any other contact information provided shall not be docketed by the Clerk. If the movant has not contacted the Clerk's office within 45 days after the date of this Order, the Clerk's office is DIRECTED to destroy the money order by shredding or similar means.

The Clerk shall send a copy of this Order to the movant in PDF format at the e-mail address provided.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 2 , 2012

---

(D.D.C. 2011); Raw Films, Ltd. v. John Does 1-15, No. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012). Notably, the first of these cases was decided by the very same court that issued the instant subpoena. Indeed, it appears to involve the very same plaintiff and the very same copyrighted work.