**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FILED
APR 4 2012
CLERK'S DISTRICT COURT

FIRST TIME VIDEOS LLC,

    Plaintiff,

v.                           Case No.: 2:11cv690

JOHN DOE,

    Defendant.

## ORDER

Before the Court is a Motion to Quash the Subpoena, filed on March 5, 2012, by counsel for a movant self-identified as John Doe No. 82 (IP Address 184.155.1.193). The motion seeks to quash a subpoena served on Doe No. 82's internet service provider seeking certain identification information, which Doe No. 82 asserts to be protected and confidential. Doe No. 82 also contends that this Court lacks personal jurisdiction over Doe No. 82 and the "vast majority" of the more than 600 John Doe co-conspirators named in the complaint,[1] and that the subpoena subjects Doe No. 82 to an undue burden.

Rule 45 of the Federal Rules of Civil Procedure clearly provides that a motion to quash or modify a subpoena must be brought in the court from which the subpoena was issued, rather than the court where the underlying action is pending. Fed. R.

---

[1] The Court notes that the 600-plus John Doe "co-conspirators" are not named as defendants in this action, at least not yet.

Civ. P. 45(c)(3); see also Kearney v. Jandernoa, 172 F.R.D. 381, 383 n.4 (N.D. Ill. 1997). Although issued in connection with the instant litigation pending before this Court, the subpoena itself was issued by the United States District Court for the District of Minnesota.[2]

The movant suggests that the motion to quash is nevertheless properly filed in this Court. Some courts have held that the transfer of a Rule 45 motion from the court that issued a subpoena to the court where the main litigation is pending may be appropriate in certain circumstances. See United States v. Star Scientific, Inc., 205 F. Supp. 2d 482, 485-86 & n.4 (D. Md. 2002) (discussing split of authority and finding transfer of Rule 45 motion permissible with consent of non-party subpoena recipient); Fincher v. Keller Indus., Inc., 129 F.R.D. 123, 125 (M.D.N.C. 1990) ("While it would be possible to transfer [non-party] discovery matters from this Court to the District of New Jersey, this is not possible when the issue involves a non-party who has not expressly or implicitly consented to such a transfer.").[3] But see In re

---

[2] Neither the movant nor the plaintiff has submitted a copy of the subpoena, but the movant does not dispute the plaintiff's representation that the subpoena was issued in Minnesota.

[3] The movant cites additional cases that similarly involve the transfer of Rule 45 proceedings from the court that issued a subpoena to the court where the main litigation was pending. See Petersen v. Douglas Cnty. Bank & Trust Co., 940 F.2d 1389, 1390-91 (10th Cir. 1991); Teoco Corp. v. Razorsight Corp., No. C 08-80032-MISC, 2008 WL 724863, at *1 (N.D. Cal. Mar. 17, 2008). The movant

Sealed Case, 141 F.3d 337, 341-43 (D.D.C. 1998) (holding that a motion to quash may not be transferred, but must be filed and decided in the court that issued the subpoena); Kearney, 172 F.R.D. at 383 n.4 (same).[4] But absent such a transfer, the court that issued the subpoena has exclusive jurisdiction to rule on a Rule 45 motion. In re Digital Equip. Corp., 949 F.2d 228, 231 (8th Cir. 1991); cf. Lefkoe v. Jos. A. Bank Clothiers, Inc., 577 F.3d 240, 246 (4th Cir. 2009) (observing that Rule 26(c) authorizes a nonparty witness to seek protection in either the court where the underlying case is pending or the court that issued a deposition subpoena, but Rule 45(c) only authorizes a nonparty witness to seek protection in the court that issued the subpoena).[5] But see Yanaki v. Daniel, No. 2:07CV648, 2009 WL 2030287, at *1-*2 (D. Utah July 9, 2009) (considering motion to quash a subpoena issued by another federal district court).[6]

---

also cites several multidistrict litigation decisions, which are simply inapposite.

[4] Neither the Fourth Circuit nor this Court appears to have previously addressed whether a Rule 45 motion may be transferred from an issuing court to the court where the main litigation is pending, a question that is not presently before this Court.

[5] The Court notes that Doe No. 82 has not moved for a protective order under Rule 26(c), presumably because he is neither a party to this case nor a "person from whom discovery is sought." Fed. R. Civ. P. 26(c)(1). The subpoena at issue seeks discovery from Cable One, Doe No. 82's internet service provider. Cable One has not moved for a Rule 26(c) protective order either.

[6] The Court notes that Yanaki relied on Teoco, Fincher, and Petersen, each of which concerned the transfer of a Rule 45 motion, but the Yanaki court provided no rationale for its extension of the rule stated in these cases to permit consideration of a Rule 45

The instant motion has been filed in the wrong court. Under Rule 45, such a motion must be filed in the United States District Court for the District of Minnesota.[7] Accordingly, the motion to quash is DENIED.

IT IS SO ORDERED.

/s/ E. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 4, 2012

---

motion filed directly in the court where the main litigation was pending, as opposed to one transferred from the issuing court.

[7] The Court notes that, even if filed in the correct court, the movant's prospect for success may be dim. See generally First Time Videos, LLC v. Does 1-76, 276 F.R.D. 254 (N.D. Ill. 2011); West Coast Prods., Inc. v. Does 1-5829, 275 F.R.D 9 (D.D.C. 2011); Raw Films, Ltd. v. John Does 1-15, No. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012).