### IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF VIRGINIA

FIRST TIME VIDEOS, LLC       *

                                *

      Plaintiff,              *

      v.                        *       Civil No.: 2:11-cv-00690

JOHN DOE                     *

      Defendants.           *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MOTION TO DISMISS FOR IMPROPER VENUE AND LACK OF PERSONAL JURISDICTION AND MOTION TO DISMISS OR SEVER FOR MISJOINDER OR IN THE ALTERNATIVE MOTION TO QUASH THE SUBPOENA OF JOHN DOE (IP address: 98.117.44.144)

John Doe (IP address 98.117.44.144) ("Defendant"), by and through counsel Christina N. Boffen and The Law Office of Christina N. Boffen, LLC and Stuart L. Plotnick and The Law Offices of Stuart L. Plotnick, hereby moves to dismiss or sever for misjoinder.  Alternatively, Defendant moves to quash the subpoena directed to Verizon in the instant case.  Defendant states the following in support thereof:

### I.       BACKGROUND

First Time Videos, LLC ("Plaintiff"), filed its Complaint on December 30, 2011 alleging that John Doe and hundreds of Doe co-conspirators, including John Doe (IP address 98.117.44.144) ("Defendant") violated its copyright to the pornographic video production titled "FTV-Tiffany" ("the Work").

The Court granted Plaintiff's request to take discovery on January 9, 2012.  To uncover Defendants' identifying information, Plaintiff issued subpoenas to Defendants'

1

Internet Service Providers (ISPs), including Defendant's ISP, Verizon. Plaintiff utilizes an Internet Protocol (IP) address to identify each of the alleged infringers. Defendant was identified by IP address 98.117.44.144.  Before revealing Defendant's identifying details, including name and address, Verizon alerted Defendant with notice of the Plaintiff's subpoena.

Plaintiff's Complaint is ostensibly about the protection of Plaintiff's copyright to a certain film, however this litigation is just one of countless actions brought by this Plaintiff and other similar Plaintiffs claiming copyright protection for pornographic films. To your Defendant's knowledge and belief, very few of these similar actions have ever been brought to trial.

The fact that few similar cases have been brought to trial is significant.  It evidences the real purpose of these suits: not to enforce copyrights, but to bully Defendants, such as John Doe (IP address 98.117.44.144), into financial settlements to avoid being publicly associated with a pornographic video company and avoid being publicly accused of illegally downloading pornography.

## II.     DEFENDANT SHOULD BE DISMISSED FOR IMPROPER VENUE AND LACK OF PERSONAL JURISDICTION

### A.  VENUE IS IMPROPER

Claims brought under the Copyright Act are governed by 28 U.S.C. § 1400(a): "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found."

Defendant John Doe (IP address 98.117.44.144) cannot be "found" in Virginia. He neither works nor resides in Virginia. He does not conduct business of any kind in Virginia. Therefore, venue for a copyright infringement suit against Defendant John Doe (IP address 98.117.44.144) is not proper, and Defendant should accordingly be dismissed.

### B.  THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER JOHN DOE (IP address 98.117.44.144)

The Plaintiff has the burden of demonstrating personal jurisdiction, by showing a "sufficient nexus between the specific tortious conduct alleged and the District for us to conclude that the defendant's conduct and connection with the forum state are such that they should reasonably anticipate being haled into court there. *Reuber v. United States,* 750 F.2d 1039, 1052 (D.C. Cir. 1985).

In order for a district court to assert personal jurisdiction over a nonresident defendant, two prongs must be met: 1.) The exercise of the jurisdiction must be authorized under the state's long arm statute, and 2.) the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.,* 334 F.3d 390, 396 (4th Cir. 2003).

An examination of Virginia's long arm statute (Va. Code Ann. §8.01-328.1) indicates that Defendant is absolutely not subject to jurisdiction under the statute. Defendant, who resides and works in another state, does not transact business or perform any work or service in Virginia. He has not contracted to supply any item or service in Virginia. And, he has absolutely not committed copyright infringement in Virginia. He has no interest, use or possession of any real property in Virginia. Thus, this court does not have jurisdiction over the Defendant under the Virginia long arm statute.

Even if the Plaintiff was able to show based on "minimum contacts" that the court had jurisdiction based on the Virginia long arm statute, the exercise of that jurisdiction would not comport with the Due Process Clause of the Fourteenth Amendment.  The Defendant's "conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into Court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

Plaintiff has not shown that Defendant has minimum contacts with the state of Virginia.  Defendant argues that even if his identifying information was revealed to the Plaintiff, Plaintiff would still not be able to establish minimum contacts with the state of Virginia.

Therefore, this court does not have personal jurisdiction over Defendant John Doe (IP address 98.117.44.144), and he should accordingly be dismissed from the case.

## III.   DEFENDANT SHOULD BE DISMISSED DUE TO MISJOINDER

Defendant should be severed or dismissed, in accordance to *Fed. R. Civ. P.* 21 for improper joinder.  The Federal rules permit joinder only if:

    A.  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    B.  any question of law or fact common to all Defendants will arise in the action.

*Fed. R. Civ. P.* 20(a)(2).

Joinder is not necessary, even if these requirements are satisfied.  The Court may choose to instead order separate trials to protect a party against "embarrassment, delay,

4

expense, or other prejudice." *Fed. R. Civ. P.* 20(b). Severance may occur on the court's motion or a party's motion. *Id.*

The facts of this case do not support joinder based on Federal Rule 20(a). "The claims against the different defendants will require separate trials as they may involve separate witnesses, different evidence, and different legal theories and defenses, which could lead to confusion of the jury… [T]here will almost certainly [be] separate issues of fact with respect to each Defendant." *Cinetel, Inc. et al v. Does 1-1,1052,* No. 11-cv-2438-JFM (D.Md. 2012) at *9 (quoting *BMG Music v. Does 1-203,* No. Civ. A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. 2004). This is sure to be the situation in the instant case, which attempts to join a staggering number of defendants. The court in *Cinetel* went on to sever all but one Doe Defendant.

The swarm joinder theory (alleging that the Doe Defendants were coordinated in their actions) "has been considered by various district courts, the majority of which have rejected it." *Raw Films v. Does 1-32,* No. 1:11-CV-2939-TWT, 2011 WL 6840590, at *2(N.D. Ga. 2011). "Downloading a work as a part of a swarm does not constitute 'acting in concert' with another, particularly when the transaction happens over a long period." *Raw Films* at *2. "Passively allowing another individual to upload a piece of a file is a far cry from the 'direct facilitation' plaintiffs would have this court find." *Cinetel, Inc.* (D.Md. 2012) at *12.

This court stated in *Cinetel* that even if the Plaintiff were able to satisfy Rule 20(a)(2) for joinder, the court would "still sever the Doe defendants based on [the court's] discretionary authority under Rule 20(b) because allowing joinder here is inefficient, raises significant manageability problems, and is unduly prejudicial to the

defendants….This court, conversely, finds that severance best promotes judicial economy." *Cinetel, Inc.* (D.Md. 2012) at *13. "Joinder in these types of cases 'fails to promote trial convenience and expedition of the ultimate determination of the substantive issues' because even though the hundreds of defendants may have engaged in similar behavior, they are likely to present different defenses." *Digital Sin, Inc. v. Does 1-5698,* 2011 WL 5362068 at *4. "The enormous burden of a trial like this "completely defeat[s] any supposed benefit from the joinder of the Does….and would substantially prejudice defendants and the administration of justice." *Hard Drive Productions, Inc. v. Does 1-188,* 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011)).

On April 30, 2012, another order in another similar file-sharing copyright infringement case joining 4,165 defendants, found joinder improper and severed and dismissed all Defendants except John Doe #1. *Nu Image, Inc. v. John Does 1- 4,165,* 8:11-cv-2736 (D. Md. April 30, 2012). The court in the *Nu Image, Inc.* case cited its entire reasoning from a recent order in another similar file sharing case with numerous Defendants, *Third Degree Films v. Does 1-108,* 8:11-cv-3007 (D. Md. April 27, 2012). In the *Third Degree Films* case, the court likewise found joinder improper and severed and dismissed all Defendants except John Doe #1. And previously on April 19, 2012 in yet another similar case, the court found joinder of 85 John Does improper, and severed and dismissed all defendants except John Doe #1. *Third Degree Films, Inc. v. Does 1-85,* 8:12-cv-23 (D. Md. April 19, 2012).

The Plaintiff in this case has similarly failed to meet Rule 20's two prong test for permissive joinder. Plaintiff has not adequately demonstrated that Defendants were engaged in the same transaction involving the same question of law or fact common to all

Defendants. Therefore, Plaintiff's joinder of the Doe defendants is improper. Defendant John Doe (IP address 98.117.44.144) should be accordingly severed and dismissed.

## IV.  THE SUBPOENA MUST BE QUASHED

Federal Rule of Civil Procedure 45(c)(3)(a) states that a court must quash a subpoena that subjects a person to an "undue burden." A court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). The court determines what constitutes an "undue burden" by considering "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Flatow v. Islamic Republic of Iran,* 196 F.R.D. 203, 206 (D.D.C. 2000).

The subpoena in the instant case will most certainly subject Defendant to an undue burden. Plaintiff only presents evidence linking the alleged download to Defendant's IP address. Plaintiff does not present evidence indicating that Defendant was the individual who executed the alleged illegal download of the Work. Any individual permissibly or impermissibly using Defendant's wireless Internet service could have executed the alleged download.

At least one court has denied a similar Plaintiff's requests for pre-service discovery, finding that "Plaintiff's sought-after discovery, as designed, has potential to draw numerous innocent internet users into the litigation, placing a burden upon them that outweighs Plaintiff's need for discovery." *Pac. Century Int'l, Ltd. v. Does 1-101,* CV-11-2533 (DMR), 2011 WL 5117424 at *2 (N.D. Cal. Oct. 27, 2011). In another

similar case, the court stated that that the lack of a perfect correlation between IP addresses and Doe defendants, combined with the stigma associated with accusations of even viewing pornography, "gives rise to the potential for coercing unjust settlements from innocent defendants." *Digital Sin, Inc. v. Does 1-176,* CV-12-00126, 2012 WL 263491, at *1 (S.D.N.Y. Jan 30, 2012).   This court stated in *Third Degree Films* 8:11-cv-3007 (D. Md. April 27, 2012) that "the risk of extortionate settlements is too great to ignore, especially when joinder is being used to that end."

Due to the pornographic nature of the download in question, the release of Defendant's personal information risks a substantial and almost certainly permanent injury to Defendant's reputation, and risks subjecting Defendant to the time, expense, emotional distress and humiliation of defending against a baseless and embarrassing lawsuit.  If Defendant is publicly accused of illegally downloading pornography, Defendant may be permanently affected and stigmatized.   Defendant's business relationships, career, family ties, and social ties may be irreparably impacted by the mere public allegation of such an offense.   "The risk of inappropriate settlement leverage is enhanced in a case involving salacious and graphic sexual content where a defendant may be urged to resolve a matter at an inflated value to avoid disclosure of the content defendant was accessing." *Cinetel* at *4.

Plaintiff should acknowledge the fact that:

"IP subscribers are not necessarily copyright infringers.... [while] an IP address might actually identify an individual subscriber and address the correlation is still far from perfect... The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment."

*VPR Internationale v. Does 1-1017,* 2011 U.S. Dist. LEXIS 64656 (C.D. Ill. Apr. 29, 2011). It is absolutely impossible for Verizon or Plaintiff or anyone else to determine from an IP address (a) what type of device was connected to the Internet connection of Defendant on the date in issue (b) who was using the device on that date, (c) who was aware of the use of that device on that date, or (d) the physical location of any device that was linked to that IP address on that date.

Most of the ISP subscribers in these cases are not infringing Plaintiff's copyrighted works. Therefore, Plaintiff should not be permitted to unduly burden or harass alleged infringers. This case is, as the the *VPR Internationale* court stated, "a fishing expedition by means of a perversion of the purpose and intent of class actions." Accordingly, the subpoena referencing Defendant should be quashed.

## V.    CONCLUSION

Having stated the foregoing, Defendant John Doe (IP address 98.117.44.144) should be dismissed or severed from the above-captioned case based on misjoinder. Alternatively, the subpoena should be quashed.

Respectfully submitted,

*Christina Boffen*

Christina N. Boffen, Esq. (Bar No. 29851)
Counsel for John Doe (IP: 98.117.44.144)
The Law Office of Christina N. Boffen
216 N. Crain Hwy, Suite 202A
Glen Burnie, MD 21061
cboffen@gmail.com
Phone: (410) 718-2929
Fax: (410) 747-3741


*Stuart L. Plotnick*
Stuart L. Plotnick
The Law Offices of Stuart L. Plotnick
51 Monroe Street
Suite 701
Rockville, MD 20850
info@plotnicklaw.com
Phone: (301) 251-1286
Fax: (301) 762-8539


## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2012, a copy of the foregoing was served electronically via CM/ECF.


*Christina Boffen*

Christina N. Boffen