IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| FIRST TIME VIDEOS LLC, | CASE NO. 2:11-cv-00690 |
| Plaintiff, | |
| | Judge: Hon. Mark S. Davis |
| v. | |
| | Magistrate Judge: Hon. F. Bradford Stillman |
| WILLIAM MEYER, JR., | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 98.117.44.144 filed, through attorneys Christina N. Boffen and Stuart L. Plotnick, motions to dismiss, sever, and quash. (ECF Nos. 30-32.)[1] Movant argues that he should be dismissed for improper venue and lack of personal jurisdiction. (*Id.* at 2-4.) Movant further argues that he should be severed or dismissed due to misjoinder. (*Id.* at 4-7.) Finally, Movant argues that the Plaintiff's subpoena should be quashed because it subjects him to an undue burden. (*Id.* at 7-9.) For the reasons set forth below, Movant's motions should be denied.

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant's motions suffers from fatal procedural defects. Part II argues that Movant's substantive arguments are premature and erroneous.

---

[1] Each motion seeks a different form of relief: dismissal of Movant from the action (ECF No. 30), severance of Movant from the action (ECF No. 31), and quashing of Plaintiff's subpoena (ECF No. 32). The language of each motion, however, is exactly the same, so Plaintiff will respond to all three motions in this omnibus response.

I. MOVANT'S MOTIONS SUFFER FROM FATAL PROCEDURAL DEFECTS

Movant's motions suffer from two procedural defects. First, Movant's motion to quash is not before the proper court. Second, Movant lacks standing to bring the arguments he raises.

A. Movant's Motion to Quash is Not Before the Proper Court

As this Court and other courts have explained, Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. (ECF No. 21 at 1) ("Rule 45 of the Federal Rules of Civil Procedure clearly provides that a motion to quash or modify a subpoena must be brought in the court from which the subpoena was issued, rather than the court where the underlying action is pending."); *see also Boy Racer, Inc. v. John Does 1-34*, No. 11-23035 (S.D. Fla. May 1, 2012), ECF No. 59 at *6 ("the rule permits only 'the issuing court' to quash or modify a subpoena"). Movant's ISP is Verizon Online. (ECF Nos. 30 at 1, 31 at 1, 32 at 1.) The subpoena to Verizon Online was issued from the Northern District of Illinois. (*See* Verizon Subpoena, attached hereto as Exhibit A.) Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc.*, 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena."). Because Movant failed to bring his motion to quash before the court that issued the subpoena, his motion should be denied.

B. Movant Lacks Standing to Bring the Arguments He Raises

Movant's motion to quash should be denied because an individual does not have standing to challenge a subpoena issued to a non-party "unless [he] claims some personal right or

privilege in the information sought by the subpoena." *United States v. Idema*, 118 Fed.Appx. 740, 744 (4th Cir. 2005); *see also In re Grand Jury Subpoena John Doe*, 584 F.3d 175, 184, 190-91 (4th Cir. 2009). Absent this showing, the individual lacks standing and the motion must be denied without reaching its merits. *Green v. Sauder Mouldings, Inc.*, 223 F.R.D. 304, 306 (E.D. Va. 2004); *see also* 9 James Wm. Moore, et al., *Moore's Federal Practice* § 45.50[3]; 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (2d ed. 1994). All of the subpoenas issued pursuant to the Court's January 9 Order (ECF No. 8) were issued to nonparty ISPs. The ISP that provides Internet access to Movant is the entity to which the specific subpoena at issue was directed, and the ISP is also the entity in possession and control of the information sought in the subpoena—not Movant. Movant failed to claim a personal right of privilege anywhere in his motions. (*See generally* ECF Nos. 30-32.) Movant's failure to establish standing provides a second independent basis for denying Movant's motion prior reaching the merits.

Further, Movant's motion to dismiss must be denied because Movant lacks standing to move for dismissal of Plaintiff's complaint. *See* Fed. R. Civ. P. 12(b) ("[A] *party* may assert [Rule 12(b)] defenses by motion …") (emphasis added). Movant is not a party to this action. *Fed. Sav. & Loans Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1474-75 (5th Cir. 1990) (holding that under common law, unserved parties are nonparties). Movant is not the Defendant. (*See* ECF No. 1-1) (listing the IP address associated with the Defendant as 70.160.221.71). Therefore, he does not have standing to move to dismiss Plaintiff's complaint. At this procedural juncture, Movant is simply a third-party who may later be named as a defendant in this action—at which time Movant would certainly have standing to move for dismissal of Plaintiff's complaint. Until that time, however, Movant lacks standing to move to do so.

II.     **MOVANT'S SUBSTANTIVE ARGUMENTS ARE PREMATURE AND ERRONEOUS**

Even if Movant's motion did not suffer from fatal procedural defects, his motions should be denied because his substantive arguments are premature and erroneous. Movant's personal jurisdiction and venue arguments are premature. Movant's misjoinder arguments are erroneous because this case was brought against a single defendant. Movant cannot credibly claim Verizon Online's compliance with the subpoena would unduly burden him.

    **A. Movant's Personal Jurisdiction and Venue Arguments are Premature**

Movant argues that he should be dismissed for improper venue and lack of personal jurisdiction, because "[h]e neither works nor resides in Virginia" and "does not conduct business of any kind in Virginia." (ECF Nos. 30 at 3, 31 at 3, 32 at 3.) Movant's challenges to personal jurisdiction and venue are premature at this stage of the litigation, when the Court has limited means to evaluate Movant's specific connections with this forum. *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *8 ("with regard to the putative defendants' jurisdictional, venue, and merits arguments, these positions are without merit because the putative defendants are not named as defendants in this lawsuit, and they may never be named as defendants in this lawsuit."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them, that venue may be improper, that the defendants have been improperly joined in this action . . . . These arguments are premature."); (*see also* ECF No. 25 at 3 n 4) ("the Court notes that any inquiry into the Court's personal jurisdiction over Doe No. 16 is premature at this early stage of the litigation.").

A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567

4

(S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 346 (D.D.C. 2011) ("Without additional information, the Court has no way to evaluate the defendants' jurisdictional defenses."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3 ("a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild*, 770 F.Supp.2d at 347-48. Because Plaintiff has not added Movant to this action—and may never add Movant—his venue and personal jurisdiction arguments are premature.

Movant's personal jurisdiction argument is further premature because this action has been brought against a single Defendant. (ECF No. 23.) A personal jurisdiction analysis is only relevant with respect to the lone Defendant. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). As explained above, Movant is not the Defendant. *See supra* Part I(B). Therefore, Movant's arguments regarding whether or not this Court has personal jurisdiction over him or any of the Defendant's other joint tortfeasors has no relevance to whether or not personal jurisdiction will be proper once the lone defendant is named and served. Indeed, Plaintiff has received Defendant's identifying information from his ISP and he resides in Virginia Beach, Virginia. Plaintiff has met the requirements of personal jurisdiction and Movant's challenges should be rejected.

### B. Movant's Misjoinder Arguments are Erroneous Because this Action Involves a Single Defendant

Movant argues he should be severed or dismissed from the case because Plaintiff has improperly joined him in the case. (ECF Nos. 30 at 4-7, 31 at 4-7, 32 at 4-7.) Plaintiff, however,

5

has only brought this action against a *single* Defendant—William Meyer, Jr.—and has not joined any joint tortfeasors at this stage of the litigation. (ECF No. 23.) Movant is not the Defendant. (ECF No. 1-1.) It is axiomatic to say that a single defendant cannot be misjoined with himself. The cases cited by Movants that found misjoinder are not applicable to the present case, because they were all brought against multiple defendants, making joinder an actual issue in those cases. (ECF Nos. 30 at 4-7, 31 at 4-7, 32 at 4-7.) While severance was a plausible remedy in those cases, there are no parties that can be severed from the Defendant in this case. Movant's request for severance or dismissal, therefore, cannot be granted.

Further, the majority of courts across the country, considering cases with nearly identical facts, have decided that joinder is proper at this stage in the litigation. *Pacific Century International, LTD., v. Does 1-37*, No. 11-4430 (S.D. Tex. Mar. 27, 2012), ECF No. 11 at *1-2 ("an inquiry on severance at this stage in the litigation is premature as the putative Doe defendants have not yet been identified or joined as parties to this suit."); *First Time Videos, LLC, v. Does 1-76*, 11-3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery"); *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *3 ("With regard to the putative defendants' misjoinder argument, the undersigned agrees for several reasons with the other members of this Court that the standard for permissive joinder under Federal Rule of Civil Procedure 20(a)(2) has been satisfied."); *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *7 ("courts in other cases involving file sharing through BitTorrent protocol have held that joinder is appropriate.").

### C. Movant Cannot Credibly Claim that Verizon Online's Compliance with the Subpoena Would Unduly Burden Him

Movant claims that the subpoena should be quashed because the subpoena subjects him to an undue burden. (ECF Nos. 30 at 7-9, 31 at 7-9, 32 at 7-9.) Movant, however, is not the recipient of Plaintiff's subpoena. Movant faces no obligation to produce any information under the subpoena issued to his nonparty ISP and consequently "cannot claim any hardship, let alone undue hardship." *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011); *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena cannot demonstrate "*any* burden"); *Hard Drive Productions, Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19 ("being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be quashed."). Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot credibly claim any hardship at this juncture; only the nonparty ISP subject to Plaintiff's subpoena could potentially claim the same.

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant's only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here; in particular, undue burden objections properly lie with subpoenaed ISPs, and not with Movant. *See First Time Videos, LLC v. Does 1–500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011) ("[I]f anyone may move to quash these subpoenas on

7

the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena."); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 358-359 (D.D.C. 2011) (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information); *Kessel v. Cook Cnty.*, No. 00-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections based on burden lie with the subpoenaed party and rejecting all of plaintiffs' objections to defendants' nonparty subpoenas except "the objections that are personal to the plaintiffs," namely "privacy, privilege and harassment"). The Court should deny Movant's motions because only a subpoenaed ISP could credibly bring an undue burden argument.

## CONCLUSION

Movant's motions should be denied. Movant's motions suffer from two procedural defects: 1) Movant's motion to quash is not before the proper court; and 2) Movant lacks standing to bring the arguments he raises to quash Plaintiff's subpoena. Movant's motions should be denied because his substantive arguments are premature and erroneous: 1) Movant's personal jurisdiction and venue arguments are premature; 2) Movant's misjoinder arguments are erroneous because this case was brought against a single defendant; and 3) Movant cannot credibly claim Verizon Online's compliance with the subpoena would unduly burden him.

[intentionally left blank]

Respectfully submitted,

FIRST TIME VIDEOS LLC

DATED: June 5, 2012

By:    /s/ Timothy V. Anderson
TIMOTHY V. ANDERSON (VSB 43803)
Anderson & Associates, PC
2492 N. Landing Road, Suite 104
Virginia Beach, VA 23456
Telephone: (757) 301 – 3636
Facsimile: (757) 301 - 3640
E-mail: timanderson@virginialawoffice.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 5, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

    /s/ Timothy V. Anderson
TIMOTHY V. ANDERSON